UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WENDY DaCOSTA | : | NO.: 3:12-CV-01011-RNC |
| | : | |
| v. | : | |
| | : | |
| CITY OF DANBURY, MARK BOUGHTON, | : | |
| and VIRGINIA ALOSCO-WERNER | : | |
| | : | JULY 17, 2013 |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

The Defendants, City of Danbury ("the City" or "Danbury"), Mark Boughton and Virginia Alosco-Werner (hereinafter collectively "the Defendants"), hereby respectfully submit this memorandum of law in support of their motion for protective order against Plaintiff, Wendy DaCosta's, discovery, including: 19 Interrogatories and 8 Requests for Production to Mayor Boughton (**Exhibit B**); 25 Interrogatories and 12 Requests for Production to Ms. Alosco-Werner (**Exhibit C**); 460 Requests to Admit to Danbury (**Exhibit D**); 450 Requests to Admit to Mayor Boughton (**Exhibit E**); and 450 Requests to Admit to Ms. Alosco-Werner (**Exhibit F**). These were all dated June 30, 2013, although they were sent via mail and did not arrive to Defense Counsel until July 3, 2013. (**Exhibits B-F; Affidavit of Johanna G. Zelman, Esq., ¶ 10, hereto attached as Exhibit A**).

For all those reasons set forth herein this Court should enter an order of protection shielding the Defendants from having to comply with this untimely, overly burdensome, harassing and abusive use of the discovery rules. Moreover, the Court must order the Plaintiff to pay sanctions for the cost of filing this motion pursuant to Rules 26(c)(3) and 37(a)(5).

I.   **BACKGROUND**

The Defendants hereby incorporate the background sections of their memoranda of law in support of their motion to compel (**Docket Entry No. 68**), motion for protective order (**Docket Entry No. 94**) and motion to take the deposition of Julio Lopez out of time (**Docket Entry No. 102**) as if fully set forth herein.  Defendants further provide as follows:

Plaintiff instituted the instant complaint by writ and summons dated June 26, 2012 in the Superior Court for the State of Connecticut, Judicial District of Danbury.  (**See DaCosta v. City of Danbury, DBD-CV12-6009923-S**).  The Defendants removed the matter to this Court on July 12, 2012.  (**Docket Entry No. 1**).  Plaintiff alleges, *inter alia*, that she was unjustly terminated for harassing Mr. Iadarola, Director of the Department of Public Works for the City, over a period of several years and after receiving several warnings.  The final event prompting immediate termination was a threatening telephone call from Mr. Pina, a friend of the Plaintiff's, to Mr. Iadarola which Plaintiff denies initiating.  Plaintiff claims that while she was terminated for harassment, Mayor Boughton allegedly harassed Carol DeSantie and was not terminated which constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff subsequently amended her Complaint to include an allegation that she was arrested for theft of City health insurance in retaliation for filing the original complaint now at issue.

In August 2012, the parties entered into a scheduling order, approved by this Court, mandating that discovery would "*be completed (**not** propounded)*" by June 30, 2013.  (**Docket Entry No. 12, p. 1**).

On August 14, 2012, Plaintiff "propounded" her "First Request for Interrogatories and Request for Production" to "the Defendant*s*."  (**First Set of Interrogatories and Requests for Production to the Defendants, hereto attached as Exhibit G; Zelman Aff., ¶ 6**).  In all,

2

there were 25 interrogatories and 23 requests for production served on each of the three Defendants. (**Exhibit G**). Defendants promptly complied, producing over 7000 documents.[1] (**Zelman Aff., ¶ 6**).

Aside from these initial interrogatories and requests for production, Plaintiff's Counsel has found delay at every opportunity regarding every aspect of this case. This is especially outlined by the events of the last nine (9) days leading up to the close of discovery, which can be considered nothing less than harassing and abusive. This began with an email[2] from Plaintiff's Counsel at 4:33 pm on Friday June 21, 2013 attached to which were three (3) notices of deposition *duces tecum* and two (2) subpoenas *duces tecum*. (**Zelman Aff., ¶ 7; Email from Avcollie to Zelman dtd 6/21/13 with attachments, hereto attached as Exhibit K**). These notices sought to depose five (5) witnesses and have them produce various materials over the following week. (**Zelman Aff., ¶ 7; Exhibit K**). He then served another subpoena *duces tecum* via email on June 25, 2013 at 3:29 pm commanding Detective Roger Brooks to appear for his deposition just two (2) days later on June 27, 2013.[3] (**Zelman Aff., ¶ 8; Email with attachments from Atty. Avcollie dtd 6/25/13, hereto attached as Exhibit L**). This email also included, for the first time, an affidavit signed by Julio Lopez, former Assistant Personnel Director, in support of Plaintiff's case. (**Zelman Aff., ¶ 8**).

On July 3, 2013, three (3) days after discovery had already closed, Defense Counsel received via mail five documents dated June 30, 2013 (**Zelman Aff., ¶ 10**), all seeking further discovery. The discovery served was as follows: 19 Interrogatories and 8 Requests for

---

[1] Plaintiff, through her attorney, had already served a FOIA request on the City in June 2012 prior to instituting legal proceedings. (**Zelman Aff., ¶ 6**). Plaintiff's production requests were identical to Atty. Maurer's FOIA request.
[2] Interestingly, Plaintiff has served everything related to this matter via email with the exception of the discovery requests now at issue in this motion.
[3] While Ms. Alosco-Werner and Detective Brooks were deposed as scheduled upon mutual agreement by the parties, none of the other witness were available on such short notice. (**Zelman Aff., ¶ 9**). A motion for protective order regarding these depositions is currently pending with this Court.

Production to Mayor Boughton; 25 Interrogatories and 12 Requests for Production to Ms. Alosco-Werner; 460 Requests to Admit to Danbury; 450 Requests to Admit to Mayor Boughton; and 450 Requests to Admit to Ms. Alosco-Werner.  (**Exhibits B-F**).  It is this discovery now at issue in this motion for protective order.

## II.   LEGAL STANDARD

Discovery is permitted as to "any nonprivileged matter that…appears reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(c)(1) sets forth that the Court "may, for good cause" issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense…[by] (A) forbidding the disclosure or discovery…."  Rule 26 gives the Court power to protect parties from discovery abuses and the Court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required."  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 36 (1984).  "Thus, a court may be as inventive as the necessities of a particular case require in order to achieve the benign purpose of…[R]ule [26(c)]."  8 Charles Alan Write, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2036, at 489 (2d ed.1994).

"The party seeking a protective order bears the burden of establishing that good cause for the order exists. The existence of good cause for a protective order is a factual matter to be determined from the nature and character of the information sought, and cannot be established by stereotyped and conclusory statements.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.  Moreover, the harm must be significant, not a mere trifle."  (Internal citations, quotation marks and alterations omitted). Freydl v. Meringolo, 09 CIV 07196 BSJ KNF, 2011 WL 134972 (S.D.N.Y. Jan. 7, 2011) (quoting, Duling v. Gristede's Operating Corp., 226  F.R.P. 66, 71 (S.D.N.Y. 2010); 8A Charles

Alan Wright, Arthur Miller & Richard L. Marcus, Federal Practice and Procedure § 2035 (3d ed.2010)); accord Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981) (good cause established where moving party makes "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements"); In re Agent Orange Prod. Liab. Litig., 821 F.2d 961 (2d Cir. 1987) (good cause required for issuance of protective order).

Additionally, Fed. R. Civ. P. 37(a)(5) requires the Court to order sanctions against whom a protective order is granted. See Fed. R. Civ. P. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses."

## III. LAW AND ARGUMENT

Defendants seek an order of protection against Plaintiff's interrogatories, requests for production and requests for admission, which are governed by Fed. R. Civ. P. 33,[4] 34[5] and 36,[6] respectively, propounded on the Defendants on June 30, 2013, the date discovery was set to

---

[4] Rule 33 sets forth, in relevant part: "**(a) In General. (1)** *Number.* Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts…. **(b) Answers and Objections.** … **(2)** *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories…."

[5] Rule 34 sets forth, in relevant part: "**(a) In General.** A party may serve on any other party a request within the scope of Rule 26(b): **(1)** to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: **(A)** any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or **(B)** any designated tangible things…. **(b) Procedure.** … **(2)** *Responses and Objections.* **(A)** *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court…. **(c) Nonparties.** As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.

[6] Rule 36 sets forth, in relevant part: "**(a) Scope and Procedure. (1)** *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: **(A)** facts, the application of law to fact, or opinions about either; and **(B)** the genuineness of any described documents…. **(3)** *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court…."

close. A protective order[7] must be entered because: (A) the discovery requests are untimely; (B) no claims are pending against Ms. Alosco-Werner and, therefore, any discovery propounded on her is improper; (C) Plaintiff has already served 25 interrogatories on Mayor Boughton and Ms. Alosco-Werner and has not sought permission to serve more; and (D) serving 1360 requests for admission is per se unreasonable and abusive.

> A. **The Plaintiff's Interrogatories, Requests for Production and Requests to Admit Dated June 30, 2013 are Untimely.**

The scheduling order in this matter is very clear that discovery must "***be completed (not propounded)***" by June 30, 2013. (**Docket Entry No. 12, p. 1**). Given that Rules 33(b)(2), 34(b)(2)(A) and 36(a)(3) all require that a party served with interrogatories, requests for production and requests for admission, respectively, be given 30 days to respond, propounding discovery requests – especially ones as extensive as these – on the day discovery is set to close is not proper and renders the requests untimely. Plaintiff's failure to timely propound these discovery requests on the Defendants requires that this Court enter an order of protection.

> B. **There are no Claims Pending Against Ms. Alosco-Werner and, Therefore, it is Disingenuous to Seek Discovery from her.**

Rules 33(a)(1), 34(a) and 36(a)(1) all specify that interrogatories, requests for production[8] and requests for admission can only be served on parties to an action. In opposing the Defendants' motion to dismiss, Plaintiff conceded that Ms. Alosco-Werner must be granted qualified immunity on Plaintiff's FMLA claim. Since the only count pending against Ms. Alosco-Werner is for a violation of FMLA, this concession is also a concession that Ms. Alosco-Werner should be dismissed as a Defendant to this action. Since it is guaranteed that she will be

---

[7] Each interrogatory, request for production and request for admission is also objectionable on various grounds. Defendants reserve the right to raise these objections in response to the interrogatories, requests for production and requests for admission should this court in whole or in part deny this motion for protective order.

[8] Rule 34(c) does permit a party to seek production from a non-party, but such requests must be made by subpoena pursuant to Rule 45.

dismissed as a Defendant to this action once this Court rules on the Defendants' motion to dismiss, it was disingenuous at best for Plaintiff to serve interrogatories, requests for production and requests to admit on her.[9] Thus, Ms. Alosco-Werner must be protected from having to answer the extensive discovery served on her personally on or about June 30, 2013.

### C. **Plaintiff has Exceeded the Maximum Number of Interrogatories Permitted.**

Rule 33(a)(1) specifies that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts…." Courts routinely protect a party from interrogatories in excess of 25 when it is neither stipulated by the parties nor ordered by the Court. See, e.g., Kennedy v. Contract Pharmacal Corp., CV 12-2664 JFB ETB, 2013 WL 1966219 (E.D.N.Y. May 13, 2013) (denying motion to compel interrogatory answers where total number exceeded 25).

Plaintiff served 25 interrogatories on each of the three (3) Defendants on August 14, 2012. (**Exhibit G**). Plaintiff will likely argue that they were directed to the City only; however, it is clear that they were directed to "the Defendant*s*." (**Id.**) Unlike the requests served on June 30, 2013, the requests served on August 14, 2012 did not specify that they were only addressed to the City. Moreover, all three Defendants each filed their own answers. (**Exhibits H, I and J**). Nevertheless, Plaintiff then served an additional 19 interrogatories on Mayor Boughton and an additional 25 interrogatories on Ms. Alosco-Werner. Plaintiff never sought consent of the Defendants to do this, nor did the Plaintiff move for this Court's permission. Thus, it is clear that the Plaintiff has wrongfully served the interrogatories dated June 30, 2013 on Mayor Boughton and Ms. Alosco-Werner and, therefore, the Court must enter an order of protection from this abusive discovery.

---

[9] Plaintiff's disingenuous conduct is further exemplified by the fact that as early as January 2, 2013 when Plaintiff objected to the Defendants' second motion to dismiss, she conceded this very point. Nonetheless, in filing her Second Amended Complaint she continued to maintain it as a cause of action.

7

### D. A Protective Order Should be Entered Alleviating the Defendants of Their Obligation to Answer the Plaintiff's Requests to Admit Because They are Over Burdensome, Harassing and an Abuse of Rule 36.

While the Defendants recognize that there is no Federal or Local Rule limiting the number of requests to admit that one party may serve on another, serving a total of 1360 requests to admit (460 on the City, 450 on the Mayor and 450 on Ms. Alosco-Werner) on the three Defendants.

The District Courts in this Circuit, and those throughout the country, routinely recognize that limitations must be placed on the number of requests to admit parties are permitted to serve on each other to preserve the effectiveness of this litigation tool. As stated by the Courts in the Districts of Maryland and Ohio: "Requests for admissions should not be of such great number and broad scope as to cover all the issues even of a complex case, and obviously should not be sought in an attempt to harass an opposing party." Haley v. Harbin, 933 So.2d 261, 263 (Miss. 2005) (quoting, Wigler v. Elec. Data Sys. Corp., 108 F.R.D. 204 (D. Md. 1985); Lantz v. New York Cent. R. R., 37 F.R.D. 69 (N.D.Ohio 1963)); accord Robinson v. Stanley, No. 06C5158, 2009 WL 3233909 (N.D.Ill. October 8, 2009) at *2 ("Request to admit should not be excessive in number and…should be tailored in a manner and scope to 'avoid harassment' and 'improper motive.'")

"Courts routinely disallow requests for admission that run into the hundreds on the grounds that they are abusive, unreasonable and oppressive." Id. ("excusing" defendants from answering "voluminous requests to admit" on grounds they were too numerous); see, e.g., Joseph L. v. Conn. Dept. of Children & Families, 225 F.R.D. 400 (D. Conn. 2005) (granting protective order on 163 requests to admit, some containing up to 10 subsections, because they were "excessive to the point of being abusive"); Taylor v. Great Lakes Waste Servs., No. 06-CV-12312-DT, 2007 WL 422036, at *2 (E.D.Mich. Feb. 2, 2007) (finding 297 requests for

admission from in an "uncomplicated" employment discrimination places an undue burden on plaintiff and are oppressive"); see also Misco, Inc. v. U.S. Steel Corp., 784 F.2d 198 (6th Cir. 1986) (holding that plaintiff's "filing of 2028 requests for admissions was both an abuse of the discovery process and an improper attempt to circumvent the…rule which limited the number of interrogatories…."); Murray v. U.S. Dep't of Treasury, 08-CV-15147, 2010 WL 3464914 (E.D. Mich. Sept. 1, 2010) ("The Court finds that 182 requests for admission is oppressive and unduly burdensome."); U.S. ex re. Regan v. Medtronic, Inc., Nos. 95-1236-MLB, 96-1309-MLB, 2000 WL 1478476 (D.Kan. July 13, 2000) at * 4 (recognizing plaintiff's 506 requests to admit as an attempt "to pick every nit that a squad of lawyers could possibly see in it" and granting defendants' motion for protective order). In fact, to avoid such abuses, some jurisdictions (including Oklahoma, Louisiana and Georgia) have, by local rule, limited the number of requests to admit that one party can serve on another. See N.D.Okla. LcvR 36.1 (limit of 25 requests to admit); M.D.La. Local Rule 36.2 (limit of 25 requests to admit); M.D.Ga. Local Rule 36 (limit of 15 requests to admit).

In fact, this precise issue has already arisen between Plaintiff's Counsel and the City of Danbury. Attorney Maurer was counsel of record for Richard Gerlach, a former Danbury firefighter who was required to apply for a pension when a non-work related injury prevented him from performing the essential functions of his job. (**Gerlach v. Danbury, Docket No. 3:09-cv-01950-JCH**). As part of discovery, she served approximately 1770 requests for admission on the nine defendants in that case. (**Id., Entry No. 75-1**). The defendants moved for a protective order as to those requests (**Id., Entry Nos. 74-75**), which was granted (**Id., Entry No. 88, Exhibit M**). The Court held:

> Plaintiff's…Requests to Admit contains several hundred requests to admit, which are directed at each of the named defendants. Such a large number of requests to admit is

9

clearly excessive and overly burdensome to the Defendants. Therefore, Defendants' motion for a protective order is granted.

(**Id., p. 2**).

## IV. CONCLUSION

Wherefore, for all those reasons set forth above, the Defendants respectfully move this Court to enter an order of protection against all discovery, including interrogatories, request for production and requests for admit, served on the Defendants by the Plaintiff on or about June 30, 2013. Additionally, the Defendants move that this Court order the Plaintiff to pay sanctions for the filing of this motion.

CITY OF DANBURY, MARK BOUGHTON, and VIRGINIA ALOSCO-WERNER

By /s/ Johanna G. Zelman
  Johanna G. Zelman (ct26966)
  Rose Kallor, LLP
  750 Main Street, Suite 606
  Hartford, CT  06103
  (860) 748-4660
  (860) 241-1547 (Fax)
  E-Mail:  jzelman@rosekallor.com

**CERTIFICATION**

       This is to certify that a copy of the foregoing was filed electronically to the following counsel and mailed, via first class mail, postage prepaid, to the following pro se plaintiff named below on this 17th day of July, 2013. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Elisabeth Seieroe Maurer
Christopher S. Avcollie
Maurer & Associates, P.C.
871 Ethan Allen Highway, Suite 202
Ridgefield, CT 06877


                                              /s/ Johanna G. Zelman_____
                                              Johanna G. Zelman