```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


WENDY DACOSTA,                      :
                                    :
      Plaintiff,                    :
                                    :
      v.                            :     CASE NO. 3:12CV1011(RNC)
                                    :
CITY OF DANBURY et al.,             :
                                    :
      Defendants.                   :
                                    :
```

                      RULING ON DISCOVERY MOTIONS

    Plaintiff Wendy DaCosta brings this action against the City of Danbury, its mayor Mark Boughton and its Director of Human Resources Virginia Alosco-Werner.  Plaintiff alleges violations of her civil rights and defamation in connection with the termination of her employment.  Pending before the court are plaintiff's Motion to Amend the Scheduling Order (doc. #93); defendants' Motion for Protective Order, to Quash, and for Sanctions (doc. #94); defendants' second Motion for Protective Order and Sanctions (doc. #114) and plaintiff's Motion to Take Depositions (doc. #117).  District Judge Robert N. Chatigny referred the motions to the undersigned.  (Docs. #96, #119, #120.)

A.  <u>Procedural History</u>

Defendant removed this action from the state court in July 2012.  (Doc. #1.)  In August 2012, the court ordered that all discovery must "be completed (not propounded) by June 30, 2013."[1]  (Doc. #12.)  Also in August 2012, plaintiff served its first set of interrogatories, which asked defendants to identify the facts underlying their denials of plaintiff's allegations.  Defendants had not yet answered the allegations, so they objected that the interrogatories were premature.  They added that they intended to file a Rule 12(b)(6) motion to dismiss prior to filing an answer.[2]  (Docs. #114-23, -24, -25.)

Plaintiff argues that defendants' delay in fully responding to the interrogatories has hampered her discovery efforts.  However, plaintiff sought no corresponding relief from the court for seven months.  Defendants filed Rule 12(b)(6) motions in October and December 2012 (docs. #19, #33), to which plaintiff responded by twice amending her complaint (docs. #35, #62), most recently in April 2013.  In May 2013, defendants filed a third Rule 12(b)(6) motion, which is currently pending.  (Doc. #81.)

---

[1] The court subsequently granted an extension of expert discovery until September 30, 2013.  (Doc. #89.)

[2] At oral argument on July 24, 2013, defendants represented that after they file their answer they will provide written responses to the August 2012 interrogatories.

2

On Friday, June 21, 2013, at 4:33 p.m., with the fact discovery deadline only nine days away, plaintiff served the following documents on defendants: a Motion to Amend the Scheduling Order; notices of five depositions to be completed within the following week, three of which requested significant document production; and a letter conceding that the depositions had been scheduled on "short notice" and indicating some willingness to reschedule them to more convenient dates. (Doc. #114-26.) In particular, plaintiff noticed the deposition of defendant Mayor Boughton for the following Monday at 10:00 a.m., less than one business day after the notice. (Doc. #114-26 at 12.) Defendants' counsel spent her weekend preparing the first Motion for Protective Order (doc. #94) in anticipation of the purported Monday deposition. On Tuesday, June 25, plaintiff noticed a sixth deposition for that Thursday. (Doc. #114-16 at ¶ 8.) With the cooperation of defendants' counsel, two depositions were completed that week prior to the June 30 deadline for fact discovery. (Id. at ¶ 9.)

On July 3, 2013, defendants received additional written discovery requests from plaintiff. The requests were dated June 30, 2013, the last day of discovery. They included 1360 requests to admit as well as new interrogatories and requests for production directed to defendants Boughton and Alosco-Werner. (Docs. #114-18 to -22.) In response, defendants filed

3

their second Motion for Protective Order.  (Doc. #114.)  At oral argument on July 24, 2013, plaintiff conceded that the discovery propounded on June 30, 2013 was untimely because it did not comply with the court's deadline for fact discovery.

    B.  <u>Law</u>

Pursuant to Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery . . . ."  Under Rule 45(c)(3)(A)(i), "the issuing court must quash or modify a subpoena that . . . fails to allow a reasonable time to comply."  Finally, under Rules 26(c)(3) and 37(a)(5), the party whose conduct necessitated a successful motion for protective order -- or the attorney who advised that conduct -- is liable to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

    C.  <u>Order</u>

Defendant's Motions for Protective Orders (docs. #94, #114) are granted and Plaintiff's Motion to Modify Scheduling Order (doc. #93) and Motion to Take Depositions (doc. #117) are granted in part as follows:

1.   Plaintiff's counsel stated in open court that plaintiff does not intend to pursue her claims against Virginia Alosco-Werner.  There shall be no further discovery directed to Alosco-Werner or concerning the claims against her (Counts Seven and Ten of the Second Amended Complaint (doc. #62)).

2.   Fourteen days after they file their Answer, defendants shall supplement their responses to plaintiff's August 2012 interrogatories.

3.   Defendants need not respond to the untimely discovery requests propounded by plaintiff on June 30, 2013 and received on July 3, 2013.

4.   Plaintiff may not propound further requests for written discovery.

5.  The deposition notices and subpoenas dated June 21, 2013 are quashed for failure to allow reasonable time to comply.

6.   Plaintiff may take the depositions of Greg Pina, Anthony Iadarola, Carol Desantie and defendant Mayor Boughton on or before **September 30, 2013**.  Plaintiff must notice the depositions at least three weeks prior to the deposition date and only after conferring in good faith with opposing counsel to arrive at mutually convenient dates and times.

7.   Plaintiff's counsel shall pay the reasonable attorney's fees incurred by defendants in filing the Motions for Protective Orders (docs. #94, #114).  See Fed. R. Civ. P. 26(c)(3),

37(a)(5).  The parties must meet and confer in a good faith effort to reach an agreement regarding the reasonable attorney's fees defendants incurred in the filing of the motion.  If the parties are unable to agree, upon application at the conclusion of the case the court will consider the amount of attorney's fees that should be awarded in connection with these motions.

    SO ORDERED at Hartford, Connecticut this 25th day of July, 2013.

> _____/s/_____
> Donna F. Martinez
> United States Magistrate Judge