UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Wendy K. DaCosta,<br>　　Plaintiff | CASE 3:12-CV-01011-RNC |
| V. | |
| City of Danbury, Mark Boughton, In His Individual Capacity, and Virginia Alosco-Werner in Her Individual Capacity,<br>　　Defendants | July 25, 2013 |

## PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND SANCTIONS (#114)

The Plaintiff, Wendy DaCosta, (hereinafter, "DaCosta" or "Plaintiff"), hereby respectfully objects to the Defendants' Motion for Protective Order and Sanctions (hereinafter "Defendants' Motion") (Docket Entry No. 114, Filed 07/17/2013). The Defendants' have failed to show good cause under Fed. R. Civ. P. 26(c)(1), and their Motion should be denied for the following reasons:

1. The Plaintiff's discovery requests are reasonable and fair in light of the delays in pleadings on both sides in this case;

2. The parties have reached a mutual agreement that will solve the issue of the discovery pending against Defendant Alosco-Werner and the number of requests to admit;

3. The number of interrogatories is, in fact, within the limit set by Fed. R. Civ. P.

33(a)(1);

   4. The Defendants' motion is not in the interests of judicial economy or efficiency, as its approval will prevent an appropriate narrowing of issues before trial resulting in an unnecessarily extended jury trial; and

   5. The Defendnant has failed to show a particularized injury resulting from Plaintiff's discovery requests.

For these reasons, Defendants' attempt to show good cause has failed; therefore no protective order should be granted.

Even if the Defendants' obtain a protective order, no sanctions should be granted. Fed. R. Civ. P. 37(a)(5) permits sanctions when a party has unjustifiably resisted discovery compliance and the other party has been forced to file a Motion to Compel which the court has granted. "Rule 37 provides generally for sanctions against parties or persons unjustifiably resisting discovery." Fed. R. Civ. P. Advisory Committee's Notes (1970 Amendment). It does not allow for sanctions against a non-moving party when no protective order is issued, or, even if a protective order is issued, when the non-moving party is "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

In this case, where the discovery at issue is merely part of the Plaintiff's attempt to prepare for trial despite Defendants' bad faith delay in refusing to disclose its denials and affirmative defenses in violation of Fed.R. Civ. Pro. 8 (b) and (c), DaCosta's use of discovery tools is substantially justified by the circumstances of the case. Even if a protective order is issued, sanctions would be baseless and unfair. There is no sanctionable conduct here.

**I. Defendant has failed to show good cause.**

Defendants' counsel cursorily provides the "good cause" standard set forth in Fed. R. Civ. Pro. 26(c)(1), but then fails to show anything indicating that they have met such a standard. "A moving party may not establish good cause through conclusory statements. Anderson v. Cryovac, Inc., 805 F.2d 1, 8 (1st Cir. 1986). Good cause is established by demonstrating 'a clearly defined and serious injury' resulting from disclosure. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)." Rubin v. Hirschfeld, 2001 U.S. Dist. LEXIS 25761, at *3.

Defendants have failed to show any particularized injury. This is not a case where summary judgment is pending and one party attempts to introduce a new issue, after discovery has closed or where on the eve of trial one party attempts to sneak in additional facts – in this case, Plaintiff is only attempting to conduct basic discovery in an effort to obtain discovery regarding the facts supporting the Defendants' claim.

**a. The Plaintiff's actions were reasonable and fair in light of the delays in this case.**

At the time DaCosta filed her most recent discovery, her Motion to Amend Scheduling Order (Docket Entry No. 93, Filed 06/21/2013) was still pending before the Court. She hoped that the discovery propounded on June 30, 2013 would be permitted under a new Scheduling Order that would allow both parties to investigate the issues of this case. Given the delays hindering the development of this case and the fact that Defendants" refused to answer Plaintiff's contention interrogatories on the grounds that they had not yet filed their Answer and Special Defenses affirming or denying any

alleged facts (see attached Exhibit "A"), Plaintiff attempted to delay discovery until after Defendants filed their Answer and Special Defenses.  Blind discovery, made without knowledge of the Defendants' substantive argument, would also have delayed the litigation by requiring DaCosta to engage in duplicative discovery outside of the deadline once the Defendants eventually filed their Answer and Special Defenses.

      **b. The parties have reached a mutual agreement that will solve the issue of Defendant Alosco-Werner and the number of requests to admit.**

The parties have mutually agreed that DaCosta will withdraw her discovery requests as to Ms. Alosco-Werner, which alleviates the latter's need for a protective order.

At a meeting on July 24, 2013, both parties also agreed to adjust the number of Requests to Admit being exchanged.  As a result of this agreement, the Defendants' no longer require a Protective order with regards to DaCosta's Requests to Admit.

      **c. The number of interrogatories is, in fact, within the limit set by Fed. R. Civ. P. 33(a)(1).**

DaCosta directed her interrogatory of August 14, 2012 to "Defendants," and only sent one copy of the document to Defendants' counsel.  Plaintiff intended for that interrogatory to be answered by the Defendant City of Danbury, and she did not send any interrogatories tailored to Defendant Mark Boughton or Defendant Virginia Alosco-Werner.   Each response was almost identical, being "individualized" only by changing the name on the heading, the signature line, and the verification.   See Exhibits "A," "B," and "C."  The substance of all three responses appears to come from Defendant City of Danbury, because each specifically states that "***Danbury*** cannot provide an answer

because it has not yet answered the Complaint." Regardless of whether the Defendants claim to believe that the interrogatory was addressed to them individually, these facts indicate that the interrogatory was intended for Defendant City of Danbury alone, and that in substance, the Defendant City of Danbury alone was making a response. Because the August 14, 2012 interrogatory was only for the Defendant City of Danbury, DaCosta has not exceeded the 25 question limit on written interrogatories set forth in Fed. R. Civ. Pro. 33(a)(1). In such a case, she should be permitted to use her 25 written interrogatories on the Defendant to whom she has not directed any interrogatories, namely, Defendant Mark Boughton.

### d. The Defendants' motion is not in the interests of judicial economy or efficiency.

The Defendants' motion will serve to frustrate judicial economy and efficiency in the administration of this case. If this motion is grated, the Plaintiff will be forced to conduct substantial discovery at trial, questioning witnesses at length on subjects about which they may know nothing. While the Defendants are advocating for this result they will be at a significant disadvantage as well because they will not have the benefit of testimony from fact witnesses such as Mr. Greg Pina.

The extended time that this denial of basic discovery will add to the trial of this case will be significant and will delay the orderly and just processing of this matter. In the interests of judicial economy and sound administration, the Court should deny the Defendants' instant motion.

### e. Defendant is not entitled to sanctions because the Plaintiff was justified in trying to provide fair notice of discovery it was seeking at

**the time she filed her Motion to Extend the Scheduling Order and the Defendants can show no prejudice by a brief extension to complete discovery.**

Plaintiff hereby incorporates the background section of her Motion to Take Depositions Outside of the Discovery Deadline (Docket Entry No. 117 Filed 07/23/2013).

DaCosta did not file certain discovery because she was hoping that she would have the opportunity to investigate the claims and denials that would be contained in the Defendants' Answer and Special Defenses. Unfortunately, the Defendants' have still not filed their pleading, although they no doubt know what those denials and defenses are and the discovery deadline passed before the Plaintiff could complete her limited discovery. When it became apparent that she would not be permitted to conduct discovery into the Defendants' substantive argument, DaCosta attempted to gather what information she could in the time available to her. Under those circumstances, DaCosta attempted to complete her discovery as quickly as possible.

While she acknowledges that this is not the ideal way of pursuing her case, Plaintiff was substantially justified in her discovery attempts given the difficult situation in which she found herself. Even if a Protective order is granted, Defendant is not entitled to sanctions because DaCosta was substantially justified in her actions given the circumstances of the case.

Finally, the Court should take particular note of the fact that there has been no showing of prejudice on the part of the Defendants but there has been a substantial showing of prejudice to the Plaintiff if the instant motion is granted. Enforcing a

discovery order should not take priority over the fair administration of justice and the fundamental right of a party to fair notice of the allegations of their opponent under Fed. R.Civ.Pro 8(b)(c).

II.     **Conclusion**

Defendants have failed to demonstrate good cause and particularized injury that would entitle them to a Protective Order, and even if such a Protective Order is issued, no sanctions are warranted because Plaintiff's actions were substantially justified given the difficulties created by the Defendants' withholding of notice of their denials and defenses.

Plaintiff hereby respectfully requests that the Defendants' Motion be denied and that she be permitted to conduct discovery as fairness requires.

Dated: July 25, 2013, at Ridgefield, Connecticut.

    PLAINTIFF,

    Wendy K. DaCosta

    By: *Christopher S. Avcollie*

    Christopher S. Avcollie (ct 29034)

    Maurer & Associates, PC

    871 Ethan Allen Hwy, St.202

    Ridgefield, CT 06877

    Phone: (203) 438-1388

    Fax: (203) 431-0357

    cavcollie@maurerandassociates.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was filed electronically on this 25th day of July 2013. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

*Christopher S. Avcollie*

Christopher S. Avcollie